# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Civil Action No. 3:15-cv-19** |
| **v.** | |
| **LARRY S. GLICKLER**, an individual doing business as Bradford-Connelly & Glickler Funeral Home, | **CONSENT DECREE** |
| **Defendant.** | |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission (Commission or FTC), filed its Complaint for Civil Penalties and Injunctive and Other Equitable Relief, seeking a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 13(b) and 16(a)(l) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 53(b) and 56(a)(l).  Defendant Larry S. Glickler, individually and doing business as Bradford-Connelly & Glickler Funeral Home, has waived service of the Summons and the Complaint.  Through counsel, having filed a joint motion, Plaintiff and Defendant Larry S. Glickler, individually and doing business as Bradford-Connelly & Glickler Funeral Home, stipulate to the entry of this Consent Decree (Order) to resolve all matters in dispute in this action between them.

## ORDER

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in deceptive acts or practices in violation of the FTC's Trade Regulation Rule Concerning Funeral Industry Practices, 16 C.F.R. Part 453, and the FTC Act, 15 U.S.C. § 45(a) and 45(m)(l)(A).

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order and agrees to bear his own costs and attorney fees.

5.      Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.      The activities of Defendant are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.      Entry of this Order is in the public interest.

## DEFINITIONS

A.      "Defendant" shall mean Larry S. Glickler, including d/b/a Bradford-Connelly & Glickler Funeral Home.

B.      "Funeral goods" shall mean the goods which are sold or offered for sale directly to the public for use in connection with funeral services.

C.      "Funeral Rule" or "Rule" shall mean the Trade Regulation Rule Concerning Funeral

Industry Practices, 16 C.F.R. Part 453, issued by the FTC.  Copies of the Funeral Rule and the

FTC publication entitled "Complying with the Funeral Rule" are attached as Exhibits A and B,

respectively.

D.      "Funeral services" shall mean any service which may be used to: (1) care for and prepare

deceased human bodies for burial, cremation, or other final disposition; and (2) arrange,

supervise or conduct the funeral ceremony or the final disposition of deceased human bodies.

## I.  INJUNCTION

IT IS ORDERED that Defendant, his agents, servants, employees, and attorneys, and all

other persons in active concert or participation with him, who receive actual notice of this Order,

whether acting directly or indirectly, in connection with selling or offering to sell funeral goods

and funeral services to the public, are permanently restrained and enjoined from violating,

directly or through any corporation, subsidiary, division, or other device, any provision of the

Funeral Rule, including, but not limited to, the Rule's prohibitions against:

A.      Failing to show consumers, who inquire in person about the offerings or prices of caskets

or alternative containers, a printed or typewritten casket price list upon beginning discussion of,

but in any event before showing, any caskets, alternative containers, or models or pictures of

such items;

B.      Failing to show consumers, who inquire in person about offerings or prices of outer

burial containers, a printed or typewritten outer burial container price list upon beginning

discussion of, but in any event before showing, any outer burial containers, vaults, grave liners,

or models or pictures of such items;

C.      Failing to give consumers, who inquire in person about offerings or prices of funeral

goods or funeral services, a printed or typewritten general price list that they can keep upon

beginning discussion of the overall type of funeral service or disposition, specific funeral goods

or services offered, or the prices of such funeral goods or services;

D.      Failing to comply with any other provision of the Funeral Rule; provided, however, that

pursuant to 16 C.F.R. § 453.4(b)(2)(ii), Defendant is not required to comply with a request for a

combination of funeral goods or funeral services that would be impossible, impractical, or

excessively burdensome to provide.

## II.  MONETARY JUDGMENT FOR CIVIL PENALTY

        IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Six Thousand Five Hundred Dollars ($6,500.00) is entered in

favor of Plaintiff against the Defendant as a civil penalty.

B.      Defendant is ordered to pay Plaintiff, by making payment to the Treasurer of the United

States, Six Thousand Five Hundred Dollars ($6,500.00), which, as Defendant stipulates, his

undersigned counsel holds in escrow for no purpose other than payment to Plaintiff.  Such

payment must be made within seven (7) days of entry of this Order by electronic fund transfer in

accordance with instructions provided by a representative of Plaintiff.  The written confirmation

of the electronic fund transfer shall be delivered in accordance with procedures specified by the

Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, D.C.

20530.

C.      Defendant relinquishes all dominion and all legal and equitable right, title, and interest in

all assets transferred pursuant to this Order and may not seek the return of any assets.

D.      The facts alleged in the Complaint will be taken as true, without further proof, in any

subsequent civil litigation filed by or on behalf of the Commission, including in a proceeding to

enforce its rights to any payment or monetary judgment pursuant to this Order.

E.      Defendant agrees that the monetary judgment represents a civil penalty owed to the

government of the United States, is not compensation for actual pecuniary loss, and therefore is

not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

F.      Defendant acknowledges that his Taxpayer Identification Numbers (Social Security

Number or Employer Identification Number), which Defendant must submit to Plaintiff and the

Commission, may be used for collecting and reporting on any delinquent amount arising out of

this Order, in accordance with 31 U.S.C. § 7701.

### III.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this

Order:

A.      Defendant, within seven (7) days of entry of this Order, must submit acknowledgment of

receipt of this Order, sworn under penalty of perjury, to the Commission.

B.      For twenty (20) years after entry of this Order, Defendant, for any business selling or

offering to sell funeral goods or funeral services that he is the majority owner of or controls

directly or indirectly must deliver a copy of this Order to: (1) all principals, officers, directors,

and limited liability company managers and members; (2) all employees, agents, and

representatives who have contact with consumers seeking to arrange a funeral; and (3) any

business entity resulting from any change in structure as set forth in Section IV of this Order.  To

current personnel, delivery of a copy of the Order must occur within seven (7) days of entry of

this Order.  To all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this Order,

Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of

this Order.

## IV.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the

Commission:

A.     One year after entry of this Order, Defendant must submit a compliance report, sworn

under penalty of perjury:

1.   Defendant must: (a) identify representatives, along with their primary physical,

postal, and email addresses and telephone number, as designated points of contact which the

Commission and Plaintiff may use to communicate with Defendant; (b) identify all of

Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and

Internet addresses; (c) describe the activities of each business, including the goods and services

offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how

Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order

acknowledgment obtained pursuant to this Order, unless previously submitted to the

Commission.

2.   Additionally, Defendant must: (a) identify all of his telephone numbers and all

physical, postal, email and Internet addresses, including all residences; (b) identify all of his

business activities, including any business for which he performs services, whether as an

employee or otherwise, and any entity in which he has any ownership interest; and (c) describe

in detail his involvement in each such business, including title, role, responsibilities,

participation, authority, control, and any ownership.

B.     For twenty (20) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.   Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.   Additionally, the Defendant must report any change in: (a) his name, including aliases or fictitious names, or residential address; or (b) his title or role in any business activity, including any business for which he performs services, whether as an employee or otherwise, and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within fourteen (14) days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of

Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin: United States v. Larry S. Glickler, FTC Matter No.: 1423100.

## V.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendant create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years.  Specifically, the Defendant, for any business that he is a majority owner of or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of funeral goods and funeral services purchased;

D.      Complaints and refund requests concerning the sale or offer of funeral goods or funeral services, whether received directly or indirectly, such as through a third party, and any response;

E.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.      A copy of each price list, contract, advertisement, and other marketing material for the sale or offer of funeral goods or funeral services.

## VI.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order, that:

A.      Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant, who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all lawful means, including posing through their representatives as consumers, suppliers, or other individuals or entities to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED: this  _22nd__ day of  _____January_____, 2015.

_s/Thomas M. Rose_____
UNITED STATES DISTRICT JUDGE

The parties, by their respective counsel, consent to the terms and conditions of the Order, as set forth above, and consent to the entry of the Order.

**FOR THE FEDERAL TRADE COMMISSION:**

JONATHAN E. NUECHTERLEIN
General Counsel

JON MILLER STEIGER
Director
East Central Region

DANA C. BARRAGATE
Attorney
Federal Trade Commission
East Central Region
1111 Superior Avenue East, Suite 200
Cleveland, Ohio 44114
Telephone: 216.263.3402
Facsimile: 216.263.3426

**FOR THE DEFENDANT:**

By:

Larry S. Glickler, individually and as owner
of Bradford-Connelly & Glickler Funeral
Home

T. Scott Gilligan
Gilligan Law Offices
3734 Eastern Avenue
Cincinnati, OH 45226
Telephone: 513.871.6332
Facsimile: 513.871.4749
Counsel to Defendant

**FOR THE UNITED STATES
OF AMERICA:**

CARTER M. STEWART
United States Attorney

GREGORY P. DUNSKY (0009098)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Telephone: 937.225.2910
Fascimile: 937.225.2568
E-mail: Gregory.Dunsky@usdoj.gov

JOYCE R. BRANDA
Acting Assistant Attorney General
Civil Division
United States Department of Justice

JONATHAN F. OLIN
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director
Consumer Protection Branch

ANDREW E. CLARK
Assistant Director

KERALA T. COWART
California Bar # 284519
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Telephone: (202) 353-3881
Fascimile: (202) 514-872
Email: kerala.t.cowart@usdoj.gov